**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**WILLIAM BRASHEARS** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 1:25-cv-00368-TBM-RPM**

**JAQUELINE GREENE, et al.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on pro se Plaintiff William Brashears' failure to comply with Court Orders. When he initiated this lawsuit on December 10, 2025, Plaintiff was an inmate housed at the George/Greene County Correctional Facility in Lucedale, Mississippi. [1], p. 2. Plaintiff names Jaqueline Greene, Darcie Crew, Angel McIlrath, and Melissa Lanning as Defendants. [1], pp. 2-3. He is proceeding *in forma pauperis*. [9], pp. 1-3.

On May 18, 2026, Plaintiff filed an unsigned Response [16] to the Court's Order [15]. Because his pleading did not comply with the signature requirement of Federal Rule of Civil Procedure 11, he was ordered on June 4, 2026, to place his original signature on the unsigned Response and return it to the Clerk of Court by June 18, 2026. [19], p. 1. "Plaintiff [was] warned that a failure to timely comply with this or any order of the Court or a failure to keep the Court advised of his current address may result in the dismissal of this case without further notice to him." [19], p. 1. That Order [19] was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable. [21], p. 1. Plaintiff did not comply with the Court's Order by the June 18 deadline, but he did notify the Court about a change of address. [20], p. 1.

On September 3, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order. [22], p. 1. Plaintiff's responsive

deadline was extended to September 17, 2026, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court will be deemed a purposeful delay and contumacious act by Plaintiff and may result in this lawsuit being dismissed without prejudice and without further notice to him." [22], pp. 1-2. The Order to Show Cause [22] and a copy of the Court's June 4 Order [19] were mailed to Plaintiff at his last-known mailing address, and they were not returned to the Court as undeliverable. Plaintiff did not comply with the Order to Show Cause [22] by the September 17 deadline.

On September 28, 2026, the Court entered a Second and Final Order to Show Cause [23], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [22] [19]." [23], p. 2. Plaintiff was ordered to file a written response on or before October 12, 2026. [23], p. 2. Plaintiff was also ordered, on or before the October 12 deadline, to comply with the Court's June 4 Order [19] "by placing his original signature on the unsigned Response [16] and returning it to the Clerk of Court." [23], p. 2. Plaintiff was warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court ***will be*** deemed a purposeful delay and contumacious act by Plaintiff and ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." [23], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [22] [19]." [23], p. 2. The Second and Final Order to Show Cause [23], a copy of the Order to Show Cause [22], and a copy of the Court's June 4 Order [19] were mailed to Plaintiff at his last-known mailing address, and they were not returned to the Court as undeliverable.

Plaintiff has not complied with the Second and Final Order to Show Cause [23], and he has not communicated with the Court about his lawsuit since June 5, 2026. This inaction is despite

being warned nine times that a failure to comply with the Court's orders or to advise the Court of his current mailing address may lead to the dismissal of his case. *See* [1-3], p. 1; [3], p. 2; [5], p. 2, [7], p. 2; [9], pp. 2-3; [15], p. 1; [19], p. 1; [22], p. 2; [23], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [23] [22] [19], it is apparent that he no longer wishes to pursue this lawsuit. The Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 27th day of October, 2026.**

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**